**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHANNON MURPH,

      Plaintiff,

v.

LAXMI-BHAVAN, INC., a Florida
Profit Corporation,

      Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANNON MURPH (hereinafter "Plaintiff"), files this Complaint against Defendant, LAXMI-BHAVAN, INC., a Florida Profit Corporation (hereinafter "Defendant") and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims

occurred in Lee County, Florida, located within the Middle District of Florida.

## PARTIES

4.     At all times material hereto, Plaintiff was a resident of Lee County, Florida.

5.     At all times material hereto, Defendant was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Fort Myers, Florida.

6.     At all times material hereto, Defendant was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

7.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.     At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of the FLSA.

9.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.    Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11.    At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and cash registers, which were used directly in furtherance of Defendant's commercial activity of operating a Subway restaurant.

2

12.     At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's commercial activity of operating a Subway restaurant.

13.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14.     Defendant operates several Subway ("Subway") restaurants in the Ft. Myers and surrounding area.

15.     Plaintiff worked for Defendant from approximately August 14, 2020 through at least December 29, 2020.

16.     Plaintiff worked for Defendant in four (4) of Defendant's Subway locations.

17.     Plaintiff primarily worked out of Defendant's Bonita Springs location (10347 Bonita Beach Road SE, Unit 114, Bonita Springs, Florida 34135).

18.     Plaintiff also worked at the following locations:

  i.   4901 Palm Beach Blvd, Fort Myers, Florida 33905;

  ii.  8293 Dani Drive, Suite 120, Fort Myers, Florida 33966;

  iii. And 2776 Cleveland Ave, Fort Myers, FL 33901.

19.     While employed by Defendants Plaintiff served as a cashier and sandwich maker.

3

20.     Plaintiff's duties included operating the cash register, customer service, taking orders, preparing food, maintaining inventory, and maintaining cleanliness of the restaurants.

21.     Plaintiff's duties were the same at all four stores.

22.     Plaintiff maintained the same duties throughout the duration of her employment.

23.     Plaintiff travelled between the four Subway locations mentioned above, in most, if not all, work weeks.

24.     In most, if not all work weeks, Plaintiff worked for Defendant in excess of forty (40) hours.

25.     However, Defendant failed to pay Plaintiff for all hours that she worked each week.

26.     Defendant also failed to pay Plaintiff for the time that she spent commuting between each Subway location.

27.     Defendant failed to compensate Plaintiff at the applicable minimum wage for all hours that she worked each week.

28.     Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all of the hours that she worked in excess of forty (40) hours in a given work week.

29.     Plaintiff should have been, and should be, compensated at a rate of one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendant failed to

4

so compensate Plaintiff.

30.    Plaintiff should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that she worked each workweek, as required by the FLSA, but Defendant failed to so compensate Plaintiff.

31.    Defendant has violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

a.    Plaintiff worked in excess of forty (40) hours per week during her period of employment with Defendant;

b.    No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the applicable minimum wage and one and one-half times Plaintiff's regular rate for those hours that she worked in excess of forty (40) hours per work week as provided by the FLSA;

c.    Defendant failed to pay Plaintiff at least minimum wage in most, if not all work weeks in violation of the FLSA;

d.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

32.    Plaintiff realleges and reincorporates paragraphs 1 through 31 as if fully set forth herein.

33.    Plaintiff worked in excess of forty (40) hours per week in most, if not

all, work weeks while employed by Defendant.

34.     Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek.

35.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours each work week.

36.     At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

37.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

38.     Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

39.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

## VIOLATION OF 29 U.S.C. § 206 MINIMUM WAGE

41.     Plaintiff realleges and reincorporates paragraphs 1 through 31 as if fully set forth herein.

42.     Plaintiff is entitled to be paid at least the Florida minimum wage for all hours worked in a workweek during her employment with Defendant.

43.     Defendant failed to pay Plaintiff at least the Florida minimum wage for all of the hours that she worked in most, if not all work weeks.

44.     Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff.

45.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

a.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff the full amount of damages and liquidated damages available by law;

b.  Overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;

7

c. All unpaid minimum wages at the applicable minimum wage rate;

d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  December 20, 2021.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email:        cventura@forthepeople.com

*Attorney for Plaintiff*